| Newrez v Spicer |
|:---:|
| 2026 NY Slip Op 30307(U) |
| February 11, 2026 |
| Supreme Court, Putnam County |
| Docket Number: Index No. 501759/2025 |
| Judge: Victor G. Grossman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT – STATE OF NEW YORK
Present: HON. VICTOR G. GROSSMAN, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

-------------------------------------------------------------------------x

NEWREZ LLC d/b/a SHELLPOINT MORTGAGE
SERVICING,

                      Plaintiff,

    -against-

SELENA SPICER f/k/a SELENA PITT et al.,

                    Defendants.

-----------------------------------------------------------------------x

To commence the statutory time
period for appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this order, with
notice of entry, upon all parties.

Index No. 501759/2025

Mot. Seq. No. 2, 3

**DECISION AND ORDER**

    The following papers numbered 1 to 11 were read on Defendant's motions for orders dismissing the Complaint, striking Plaintiff's affirmative defenses to her counterclaims, and granting other relief:

Notice of Motion – Affirmation / Exhibits -- Memorandum ....................................... 1-3

Affirmations in Opposition (2) / Exhibits ........................................................... 4-5

Notice of Motion – Affirmation / Exhibits -- Memorandum ....................................... 6-8

Affirmations in Opposition (2) / Exhibits ........................................................... 9-10

Reply Memorandum ................................................................................ 11

    Upon the foregoing papers it is ORDERED that the motions are disposed of as follows:

    This is a residential mortgage foreclosure action. Defendant Selena Spicer *pro se* moved for dismissal of the Complaint and of the Plaintiff's affirmative defenses to her counterclaims on the grounds *inter alia* that the mortgage had been satisfied and discharged.

    In opposition, Plaintiff demonstrated *inter alia* that:

1

- On or about April 23, 2025, Shellpoint mailed a payoff letter to Defendant setting forth a total payoff amount due of $617,905.16.

- On or about April 29, 2025, Shellpoint received a check in the amount of $617,906.00 in connection with an asserted payoff of the mortgage loan, and deposited the check.

- On or about April 30, 2025, consistent with its automated release process, Shellpoint transmitted an automated email to Defendant advising that the loan was paid in full, and initiated the satisfaction of mortgage process.

- ***On or about May 8, 2025, Shellpoint was alerted that the payoff check was returned unpaid, bearing the notation "Unable to Locate". A copy of the returned check was proffered with Plaintiff's motion papers.***

- On or about May 8, 2025, the satisfaction of mortgage process was cancelled, the mortgage loan was reinstated to default status in Shellpoint's system, and no satisfaction of mortgage was recorded, delivered, or mailed to Defendant.

- On or about May 9, 2025, Shellpoint mailed Defendant a Notice of Default and 90-Day Notice.

- ***On or about May 12, 2025, Shellpoint advised Defendant via first class mail that the payoff check had been returned unpaid.***

- On or about May 14, 2025, Shellpoint advised Defendant by mail of loss mitigation options.

- On or about October 9, 2025, Defendant submitted a loss mitigation application. She was approved for a partial claim, which she initially accepted but ultimately rejected.

- On or about November 18, 2025, Defendant rejected a trial modification plan offer.

- Upon Defendant's failure to cure her default, Plaintiff commenced this foreclosure action.

Defendant, in reply, did not contest any of the foregoing facts and effectively admitted that Plaintiff's showing precludes the granting of her motions for dismissal.

22 NYCRR 130-1.1(a) provides in pertinent part that "[t]he court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part."

2

Subdivision "c" thereof further provides that "[f]or purposes of this Part, conduct is frivolous if...(3) it asserts material factual statements that are false." Defendant engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 by moving for dismissal of this foreclosure action on the purported ground that the mortgage had been satisfied and discharged without advising the Court that the mortgage payoff check had been dishonored and returned unpaid. Therefore, Plaintiff is awarded actual expenses and reasonable attorney's fees reasonably incurred in opposing Defendant's motions.

It is therefore

ORDERED, that Defendant's motions for dismissal of the Complaint and Plaintiff's affirmative defense to her counterclaims are denied in their entirety, and it is further

ORDERED, that Plaintiff is awarded expenses and reasonable attorney's fees pursuant to 22 NYCRR 130-1.1(a), and may efile an affidavit proving the amount thereof within ten (10) days of the date of this Order.

The foregoing constitutes the decision and order of the Court.

Dated:    February __/ /__, 2026       ENTER
          Carmel, New York

_____
HON. VICTOR G. GROSSMAN, J.S.C.

3